# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

```
ROBERT PHILLIP BENAVIDES,        )
                                 )
Plaintiff,                       )
                                 )   NO. 3:06-CV-522 RL
    v.                           )
                                 )
LIEUTENANT/OFFICER T. CAMBE,     )
                                 )
Defendant.                       )
```

## OPINION AND ORDER

This matter is before the Court *sua sponte.* For the reasons set forth below, the Court: (1) **DIRECTS** the Clerk to sign and seal the summons and return them to Plaintiff's counsel; (2) **ORDERS** Plaintiff's counsel to include a copy of this order with the summons and complaint served on the Defendant; and (3) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that the Defendant respond to the complaint as provided for in the Federal Rules of Civil Procedure.

Robert Phillip Benavides, by counsel, submitted a complaint. Pursuant to 28 U.S.C. section 1915A, the Court must review the merits of a complaint where "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a

complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The Court will apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Benavides alleges that Lieutenant/Officer T. Cambe used excessive force against him on November 17, 2005.

> [W]e think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of

> harm as is tantamount to a knowing willingness that it occur. But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.
>
> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley v. Albers*, 475 U.S. 312, 320-322 (1986) (citations, ellipsis, and quotation marks omitted).  Here, the complaint alleges that Benavides was punched in the face and choked while handcuffed.  Giving him the benefit of the inferences to which he is entitled at the

pleading stage of this proceeding, this states a claim.


**DATED:  September 6, 2006**          /s/RUDY LOZANO, Judge
                                        **United States District Court**